IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CORY SIMPSON,**

       **Petitioner,**

**v.**                                   **Case No. 2:10-cv-00972**

**JUDGE (CIRCUIT) CHARLES KING, and**
**THE STATE OF WEST VIRGINIA,**

       **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 2, 2010, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket # 2), filed by Cory Simpson (hereinafter "Petitioner"). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

Petitioner is a pretrial detainee, charged with felonies and awaiting trial in the Circuit Court of Kanawha County, West Virginia. (State v. Simpson, Case Nos. 10-F-414 and -415).[1] Bail was originally set in the amount of $50,000, full surety.

---

[1] http://www.wvrja.com/puboffsearch/offdetail.asp?root=1169770&bid=2908661&row=1 (August 31, 2010).

(Petition, # 2, at 5.) Subsequently his bond was raised to $100,000 full surety. Id. It appears that Petitioner's counsel has filed several motions for bail hearings, without success. Id. Petitioner asserts that his right to a prompt and fair bail hearing, as set forth in Rule 46(h), West Virginia Rules of Criminal Procedure, has been violated. Id. That Rule reads, in pertinent part, as follows:

> (h) *Bail determination hearings.* – Upon motion of the defendant for release pursuant to subdivision[] (a) [release prior to trial], . . . the court or magistrate exercising jurisdiction over the case shall immediately order a hearing to determine the defendant's eligibility for bail or release or to determine the amount of bail.
> > (1) Time of hearing. – the hearing shall be held within a reasonable time not later than five days after the filing of the motion, but:
> > (A) With the consent of the defendant and upon a showing of cause, the hearing may be continued one or more times; and
> > (B) In the absence of the defendant, the hearing may be continued only upon a showing that extraordinary circumstances exist and that the delay is indispensable to the interests of justice.
> > (2) Procedures – The magistrate or circuit court shall issue process necessary to summon witnesses within the state for either the attorney for the state or the defendant. Both the attorney for the state and the defendant may offer evidence in their behalf. Each witness, including a defendant testifying in his or her own behalf, shall testify under oath or affirmation and may be cross-examined. The magistrate or circuit court may make any order with respect to the conduct of the hearing that such magistrate or judge could make at the trial of a criminal case.
> > (3) Testimony of defendant. – A defendant who testifies at the hearing, may nonetheless decline to testify at trial, in which case his or her testimony at the hearing is not admissible in evidence. If the defendant testifies at trial, his or her testimony at the hearing is admissible in

>evidence to the extent permitted by law.
>(4) Evidence. - * * *
>(5) Finding and disposition. - The magistrate or circuit court shall expeditiously upon receipt of all the evidence make a ruling on defendant's motion and shall, in addition, find the facts specially and state separately its conclusions of law thereon. The findings shall be in writing. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Petitioner alleges as follows:

>Two bail hearings I did not receive any respondance towards and the third bail hearing Circuit Judge Charles King of Kanawha County unlawfully denied without granting the right of my counsel John A. Carr to present case, which is a violation of my rights, due to fact a defense attorney and attorney for the State have the right to present their case upon a fair judgment.

(# 2, at 7.) Petitioner seeks release from custody on a personal recognizance bond while awaiting his trial in Circuit Court. <u>Id.</u> at 14.

Petitioner filed the instant section 2254 petition on August 2, 2010. In other documents filed with the Clerk, Petitioner complains that he is suffering unreasonable delay, requests subpoenas for motions filed in his State criminal case, transcripts, and appointment of counsel (## 4, 6, 7, 9.)

### **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>>(A) the applicant has exhausted the remedies available in the courts of the State . . . .

3

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriquez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See Moore,

879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

## ANALYSIS

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either his direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused. The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims.

Petitioner's ground for relief in his section 2254 petition is based on an alleged violation of State Rule of Criminal Procedure 46, not a federal constitutional claim. If his claim is that he has been subject to excessive bail in violation of the Eighth Amendment to the Constitution of the United States, Petitioner must still exhaust that claim through the State courts, before he files a petition for a writ of habeas corpus in federal court. Because Petitioner's State criminal case is on-going, he has not properly exhausted his state court remedies, the claim contained in his section 2254 petition is unexhausted, and his section 2254 petition

is premature.  Accordingly, it must be dismissed without prejudice.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

### RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder

v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 1, 2010
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge